UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELAINE BOYD LAZARD | * | CIVIL ACTION NO.: |
| VERSUS | * | SECTION: |
| EAST BATON ROUGE PARISH SCHOOL BOARD | * | MAGISTRATE: |

ORIGINAL COMPLAINT FOR DAMAGES

UNDER 42 U.S.C.12101, ET.EQ. AND

PENDENT LOUISIANA LAW CLAIMS

Complainant Elaine Lazard alleges the damages and causes of action arising from the facts set forth below.

Jurisdiction

1.

Federal Law Claims

Jurisdiction of this court arises from 42 U.S.C. 12101 et seq. (Title 1 of the American With Disabilities Act of 1990) and the ADA Amendments Act of 2008 (The Amendments Act)

2.

Pendent State Law Claims

Jurisdiction of this court for pendent claims is authorized by 28 USC 1367 with respect to state law claims inasmuch as the amount in controversy exceeds $75,000, exclusive of interest and costs and under F.R.C.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715.

3.

Pendent claims arise from a violation of claimant's rights as set forth in those claims and as the rights violated are expressly guaranteed and protected under the 1974 Louisiana Constitution, particularly Art. 1 Sect. 2 (due process of law), Sect. 19 (right to judicial review), Sect. 22 (access to courts); and under the laws of the State of Louisiana, including but not limited to LSA-C.C. Articles 2315 (liability for acts causing damages), 2320 (acts of servants), and defamation of character.

4.

Venue in the United States District Courts for the Middle District of Louisiana is proper under 28 USC 1391 (b) as all actions complained of took place in the Parish of East Baton Rouge, State of Louisiana, within the Middle District of the United States District Court.

5.

Complainant Elaine Lazard is a person of the full age of majority, domiciled within the Western District of Louisiana.

6.

The East Baton Rouge Parish School Board is a political subdivision of the State of Louisiana, which legal authority is responsible for the policies, procedures, and practices implemented by and through its various members, agents, departments and employees, and is responsible for the injuries and violations of the United States Constitutional and Louisiana Constitutional rights occasioned thereby.

7.

ABC Insurance Company, a domestic or foreign corporation, licensed to do and doing business in the parish of East Baton Rouge, State of Louisiana, which at all times pertinent hereto did provide to various defendants policies of insurance covering their activities and those of their employees and agents. When identified the true name shall be substituted for the place of ABC Insurance Company, and the complaint shall be amended pursuant to the Louisiana Direct Action Statue.

## STATEMENT OF FACTS

8.

In August of 2007, complainant was employed as a third grade teacher at Eden Park Elementary school, located in the City of Baton Rouge, Parish of East Baton Rouge.

9.

Complainant worked as a third grade teacher at Eden Park until the end of the 2008 school year. At the beginning of the 2009 school year, Eden Park was merged with Capitol Elementary, also located in the City of Baton Rouge, Parish of East Baton Rouge, where Mona Collins was principal. Complainant was assigned to a first grade teaching position.

10.

Nicole Banks and Shericka Brunson-Green were assigned to Capitol Elementary School as the new assistant principals for the 2009 school year.

11.

On or about February 20 of 2010 complainant fell at her home hitting her right shoulder.

12.

Complainant subsequently sought medical attention in March of 2010. An MRI performed on March 16, 2010 diagnosed her with a torn "Rotator Cuff" in her right shoulder.

13.

On March 17, 2010, two months before the end of the 2009 school year, complainant emailed Mona Collins, Principal, at Capitol Elementary School to inform her about the torn "Rotator Cuff" in her right shoulder and the doctor allowed her to complete the end of her school year according to how much pain she could tolerate without further damage.

14.

Complainant completed the 2009 school year with her arm in a sling and without any assistance.

15.

On June 16, 2010, complainant had surgery at the Baton Rouge Orthopaedic Clinic at 8080 Bluebonnet Boulevard in Baton Rouge, Louisiana.

16.

At the beginning of July 2010, complainant began physical therapy at Acadiana Physical Therapy in Lafayette, Louisiana.

17.

On August 2, 2010, complainant's physical therapy was transferred from Lafayette, Louisiana to Baton Rouge General Rehabilitation Services in Baton Rouge, Louisiana.

18.

Prior to the beginning of the 2010 school year, complainants "Return to Work Certificate" was mailed to Mona Collins, Principal, at Capitol Elementary School which indicated the Nature of Illness/Injury: shoulder rotator cuff repair; Limitations/Remarks: light duty, limited use of right hand, must complete physical therapy, required full time classroom assistance.

19.

On August 9, 2010, complainant returned to work at Capitol Elementary School with her right arm in a sling, when she met with Mona Collins to discuss the conditions and limitations as outlined in her "Return to Work Certificate". She also informed her that she was scheduled for physical therapy at Baton Rouge General Rehabilitation Services from 7:00 A.M. to 8:00 A.M., three days a week. She gave the principal and both assistant principals a copy of her August 2, 2010 therapy order.

20.

Additionally, complainant requested that Tashika Sellers, a paraprofessional assigned to work with first grade teachers, be assigned to her classroom from 8:20 A.M. – 10:00 A.M. instead of 2:15 P.M. - 3:00 P.M. This would allow her to complete her therapy session and change into her attire for work, plus help with making copies for class lessons on the copy machine, lift heavy objects, charts, books when needed for morning lessons, fill out forms when requested by the principal, assistant principals, dean of students, counselor, reading coordinator,

and math coordinator that are placed in teachers mailboxes before the beginning of school, help with placing the students' attendance in the computer by required time given by the school board before class begins, written attendance on form to be turned in to Ms. Washington by required time given, subjects and objectives written daily on large chart and posted before the beginning of school requested by the principal, posting reading words on reading wall, writing on chart/dry erase board or hanging students work on classroom bulletin board and hallway when needed. This request was denied.

21.

Complainant also requested that one of the permanent substitute teachers be allowed to assist her with her morning duties, and that the equipment and devices required for teaching certain lessons be altered to better accommodate her. All requests were denied.

30.

On August 9, 2010, Mona Collins, Principal, did not alter Elaine's morning duty in the cafeteria at 7:55 A.M. to 8:15 A.M. on Wednesdays where she directed children where to sit for breakfast and wiped off tables with her left hand (right arm in sling) so the tables will be clean when the next group of children sat for breakfast.

31.

On August 16, 2010, complainant informed her therapist that she would only be able to attend therapy for forty minutes due to the refusal of her employer to provide the assistance necessary for her to prepare for class. At this time she was forced to perform physical therapy in her normal work attire.

32.

On August 31, 2010, complainant provided Mona Collins with a therapy order which indicated that she continue physical therapy to work on motion and strength. Once again she requested assistance and was denied.

33.

On September 8, 2010, complainant's therapist did another evaluation on her physical therapy progress. Her therapist indicated in her written report that patient was educated on need to attend full physical therapy treatments for optimal results. She indicated in her report that patient was unable to complete the sports cord activities secondary to needing to leave early and patient is never able to complete an entire treatment plan secondary to time constraints.

34.

On or about September, 2010, Nicole Banks, Assistant Principal, assigned complainant to prepare the social studies/science lesson plans for her fellow first grade teachers and two special education teachers. Complainant requested assistance as she had very minimal motion and strength in her right hand and arm. Ms. Banks assigned Tekisha Greenup and Davion White to prepare the reading lesson plans together which she said was too much for one teacher to prepare. Ms. Banks did not assign Rosalyn Isidro and Joyce Jackson to prepare lesson plans.

35.

On September 24, 2010, Nicole Banks, Assistant Principal, did an "EBR Walkthrough" in complainant's classroom, at which time false statements were written regarding complainant's

instruction. Ms. Banks instructed complainant to hang students work on the bulletin board immediately after completion, despite her obvious physical limitations.

36.

On October 11, 2010, Ms. Banks did another "EBR Walkthrough" in complainant's classroom. She once again wrote false statements regarding complainant's classroom instruction.

37.

On October 12, 2010, when complainant was absent from work, Ms. Banks fabricated another "EBR Walkthrough" form with negative comments concerning complainants instruction.

38.

On October 21, 2010, complainant provided Ms. Collins with a follow up physical therapy order indicating the need for additional therapy.

39.

On October 26, 2010, Asst. Principal Shedrika Brunson-Green, observed complainant for her "Fall Observation" of her teaching at 9:00 A.M. in her classroom using the "East Baton Rouge Parish School System Comprehensive Teacher Observation and Evaluation Form". While Ms. Brunson-Green was observing Elaine, she saw Ms. Brunson-Green filling out an "EBR Walkthrough" and an "East Baton Rouge Parish School System Generic Employee Observation Form". Ms. Brunson-Green instructed Elaine to post students' work immediately within the classroom and to use her computer daily with her lessons, despite her obvious physical limitations and repeated request for assistance.

40.

On October 27, 2010, Shedrika Brunson-Green, Assistant Principal, presented Elaine with a copy of the three observation forms: "East Baton Rouge Parish School System Comprehensive Teacher Observation and Evaluation Form", "EBR Walkthrough" and an "East Baton Rouge Parish School System Generic Employee Observation Form". All three observation forms had the same date and time and comments on all three observation forms contradicted each other.

41.

On the afternoon of October 27, 2010, Mona Collins, Principal and Assistant Principals, Nicole Banks and Shedrika Brunson-Green presented complainant with an "East Baton Rouge Parish School System Notification of Intensive Assistance Program" form they placed her on for failure to meet the East Baton Rouge School System's Standards of Performance outlined on her job description and/or state performance standards. They informed her that she may be terminated if she did not improve in her teaching.

42.

On the afternoon of October 27, 2010, complainant looked on the school board website to locate the "East Baton Rouge Parish School System Notification of Intensive Assistance Program" form to read more about it and discovered that the form did not exist. Complainant received the "2009 Teacher of the Year" award on April 29, 2009 along with several other awards and recognitions.

43.

On November 1, 2010, Mona Collins, Principal, and Nicole Banks and Shedrika Brunson-Green, Assistant Principal instructed Elaine to observe Cathy Griffin, kindergarten teacher, teach mathematics, who had approximately nine years of experiences and Kendra Oubre, second grade teacher, teach reading, who had approximately six years of experiences because they decided she needed help in teaching mathematics and reading and learn how to incorporating technology in her lessons. Complainant had over 24 years of experience. Shedrika Brunson-Green gave Elaine a "Teacher-To-Teacher Observation Form" and a "Performance Domain 1 Planning Form" to fill out when observing the kindergarten teacher teach mathematics and the reading teacher teach reading. Elaine told Ms. Brunson-Green she didn't have enough strength in her hand when writing and may not be able to complete the forms before leaving the classes she is observing.

44.

On November 9, 2010, complainant's therapist in an evaluation noted that complainant's progress had been delayed due to her not being able to participate for the required amount of time.

45.

On November 11, 2010, Ms. Collins humiliated complainant in their first grade level meeting in front of her fellow teachers and visitors from Southern University who sat in on their meeting for not having her lesson plans completed to turn in on Friday before she left school. She informed complainant that if she did not have her lesson plans completed by the afternoon on November 12, 2010, she would be forced to prepare plans for all subjects Complainant once again informed Ms. Collins of her limitations and request for assistance and was once again denied.

46.

On November 12, 2010, Elaine was absent from work because of severe pains in her shoulder which required her to take her medication.

47.

On the afternoon of November 12, 2010, complainant met with Mr. John Dilworth, Superintendent of the East Baton Rouge School Board to discuss her concerns. Mr. Dilworth referred her to Ms. Mary Dominique, Area Supervisor for Capital Elementary. Complainant provided Ms. Dominigue with a folder containing the various observation forms. She did not express any sincere interest is assisting complainant and took no corrective action.

48.

Complainant, out of fear of being terminated due to the repeated harassment on the part of the administration at Capital Elementary and the inability to obtain any assistance from the central office retired from the East Baton Rouge Parish School System on November 16, 2010.

49.

On or about November 18, 2010, Diana Harris, second grade teacher, at Capitol Elementary School called to tell Elaine that Mona Collins, told her to call and tell her to wait until after the children get out for the Thanksgiving holidays to come and remove her personal belongings from her classroom. Complainant inquired as to why she could not obtain possession of her personal items after school hours, but received no response.

50.

On November 23, 2010, complainant went to Capitol Elementary School to remove her personal items and was met by Ms. Collins, who continued to make humiliating and disparaging comments about her personal character and teaching abilities.

51.

Complainant subsequently hand delivered a letter to Mr. Dilworth informing him of Ms. Collins behavior. To this date she has not received a response.

52.

On December 2, 2010, complainant filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging violations of her constitutional rights under the appropriate provisions of the American with Disabilities Act of 1990 and the Amended Act of 2008 as outlined in Paragraph 1 hereinabove; along with the appropriate provisions of Louisiana law as outlined in Paragraph 3 hereinabove.

53.

On June 8, 2012, complainant received a notification of dismissal and notice of rights from EEOC. Complainant feels that this dismissal is in error and not supported by the facts and prevailing law.

<u>Special Damages</u>

54.

Defendant's actions have caused complainant to suffer special damages. Defendants and their insurer are liable jointly and in solido to Elaine Boyd Lazard for the following special damages.

(1) Loss of income.
(2) Any past and future attorneys fees that may be incurred as a result of bringing this action.
(3) All court costs and related costs that may be incurred.

### General Damages

55.

Complainant is entitled to the following general damages:

(1) Mental anguish for public humiliation and embarrassment.
(2) Retaliation and intimidation for exercising her constitutional rights.
(3) All damages arising under Louisiana law, including but not limited to La. C.C. Art. 2315.
(4) Loss of time and resources expended on pursuing this matter.
(5) All costs, attorneys fees, and penalties under 42 USC 12101 and state law which are proven by the facts set forth herein.

WHEREFORE, petitioner Elaine Lazard prays that the Defendants herein be duly cited and served and after due proceedings had and all legal delays expired there be judgment herein in favor of Petitioner in an amount as is just in the premises, together with legal interest from date of judicial demand until paid, for exemplary damages, attorneys, attorneys fees and costs, and all other damages as are equitable in the premises.

RESPECTFULLY SUBMITTED:

*Elaine B Lazard*

Elaine B. Lazard
In proper person
P. O. Box 92252
Lafayette, LA 70509-2252
Telephone: (337) 344-5477
Facsimile: (337) 261-0161