UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELAINE BOYD LAZARD                                     CIVIL ACTION

VERSUS

EAST BATON ROUGE PARISH SCHOOL                 NO. 3:12-00552-BAJ-RLB
BOARD

RULING AND ORDER

Before the Court is **Defendant's Motion to Dismiss (Doc. 8)**, filed by Defendant East Baton Rouge Parish School Board ("EBRPSB"), seeking an order from this Court dismissing Plaintiff Elaine Boyd Lazard's ("Lazard") complaint, with prejudice, for failure to state a claim and insufficient service of process. Plaintiff opposes the motion. (Doc. 13.) The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

I.   Background

Lazard initially filed this employment discrimination lawsuit pro se, pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 *et seq.* ("Title I"), as amended. (Doc. 1.) Lazard's complaint alleges that she was unlawfully discriminated against when EBRPSB failed to provide her with a reasonable accommodation after she injured her shoulder while at home. (Doc. 1, ¶¶ 8-51.) Lazard's complaint further alleges that she received her "right-to-sue" letter from the Equal Employment Opportunity Commission ("EEOC") on June 8, 2012. (Doc. 1, ¶ 53.)

The right-to-sue letter firmly states that "you must file a lawsuit against the respondent(s) **within 90 days of the date you *receive* this Notice**." (Doc. 8-2, p.2) (emphasis in original). Lazard filed suit on September 7, 2012, ninety-one days later. (Doc. 8, p. 1.) On November 11, 2012, Lazard served the Superintendent of the EBRPSB with a copy of the summons and complaint. (Doc. 6.)

As to the instant motion, EBRPSB argues that Lazard's complaint should be dismissed because federal case law, as well as the right-to-sue letter itself, clearly establish that a plaintiff must file suit within ninety days of receiving a right-to-sue letter from the EEOC. EBRPSB further contends that because Lazard failed to file her lawsuit within ninety days, Lazard's lawsuit is untimely, and must be dismissed.

EBRPSB also argues that Lazard's complaint should be dismissed for Lazard's failure to properly serve EBRPSB with a copy of the complaint and summons. EBRPSB contends that Louisiana law requires lawsuits against school boards to be served on either the President or Vice President of the school board. Instead, as previously noted above, Lazard served the complaint and summons on the Superintendent of the EBRPSB. (Doc. 6.) EBRPSB further contends that because Lazard served the Superintendent rather than the President or Vice President, service was improper. Thus, her complaint must be dismissed.

Subsequent to the filing of the instant motion, the Court granted Lazard's request for an additional twenty-one days to respond to EBRPSB's Motion to Dismiss. (Doc. 10.) During that time, Lazard obtained legal counsel.

In response to the instant motion, Lazard's counsel filed a memorandum in opposition, in which she requests leave of court to amend the complaint. Lazard's counsel also contends that Lazard made a typographical error in her complaint when she alleged she received her right-to-sue letter on June 8, 2010. According to counsel, Lazard was out of town on June 8, 2012 and did not retrieve the right-to-sue letter from her mailbox until she returned to her home on June 10, 2012. As a result, counsel argues that Lazard's lawsuit was timely filed.

Additionally, Lazard's counsel contends that Lazard had a good reason for failing to serve the proper person at the EBRPSB. Counsel contends that Lazard contacted the EBRPSB to inquire about the proper person to serve on behalf of the school board. Counsel contends that "EBRPSB staff" informed Lazard that the Superintendent was to be served and provided her with the Superintendent's address.[1]

## II.   Standard of Review

### A.   Service of Process

Louisiana Revised Statute 17:51 requires that all lawsuits against school boards "shall be served on the president of the board and in his absence on the vice-president." LA. REV. STAT. 17:51. In addition, Federal Rule of Civil Procedure ("Rule") 4(m) requires that the plaintiff serve the proper defendant within 120 days of filing the complaint with the court. Fed.R.Civ.P. 4(m). However, if the plaintiff shows good cause for the failure to properly serve, the court must extend the time for service.

---

[1] Lazard's counsel failed to identify which "staff" member at EBRPSB provided Lazard with this information. See Doc. 13, p. 3.

Fed.R.Civ.P. 4(m). Courts expect plaintiffs who elect to represent themselves to have the same level of knowledge of the law as attorneys admitted to practice. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). However, the District Court has wide discretion in determining whether to dismiss an action for insufficient service, and courts often give pro se litigants leeway in correcting defects in service of process. *Lisson v. ING Groep N.V.*, 262 F. Appx. 567, 571 (5th Cir. 2007).

### B.     Timeliness of Lazard's Title I Complaint

Under Title I, a "plaintiff has ninety (90) days from the receipt of the written notice of dismissal and of the right to sue from the EEOC to file a lawsuit." *Edwards v. Wal-Mart Stores, Inc.*, 88 F. Supp.2d 613, 616 (W.D. La. 2000), *aff'd*, 247 F.3d 241 (5th Cir. 2001). Additionally, the "requirement to file a lawsuit within the ninety-day limitation period is strictly construed," even in cases involving a pro se litigant. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

## III.   Analysis

### A.     Service of Process

In support of its motion, EBRPSB argues that because Lazard did not serve EBRPSB's President or Vice President, service was insufficient and her complaint must be dismissed. In opposition, Lazard contends that good cause exists for her failure to serve the proper person.

Here, Lazard served the complaint and summons on EBRPSB's Superintendent on November 30, 2012, which was eighty-four days after she filed her complaint with this Court. (Doc. 6.) On December 20, 2012, EBRPSB filed the instant motion, in

which it argues Lazard served the wrong person, thus, service was insufficient. On the date the instant motion was filed, the plaintiff had an additional sixteen days to serve the proper person under Rule 4(m).

On January 8, 2013, nineteen days after EBRPSB filed the instant motion, Lazard requested an extension of time to respond and "secure legal counsel to represent her in this matter." (Doc. 9.) The Court notes that on that date, Lazard's time to serve the proper individual under Rule 4(m) had expired.

A review of the record indicates that Lazard did not receive electronic notification of the instant motion. Rather, it was mailed to her home mailing address via U.S. Mail. Lazard does not provide the Court with the date she received the instant motion. Thus, it is unclear how many days Lazard had between the date she received notification of the instant motion and her deadline to perfect service of process. Lazard also does not provide the Court with a reason why she did not attempt to serve the President or Vice President of the EBRPSB within the allotted time under Rule 4(m).

As noted, newly retained counsel for Lazard argues that Lazard served the Superintendent rather than the President or Vice President because "staff" at the school board instructed her to do so. However, "[t]he right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

The Court notes, however, that Lazard was a pro se litigant at the time she failed to serve the proper individual at the EBRPSB and when she received the instant motion. Additionally, the Court takes into consideration that after Lazard received the

5

instant motion, she filed a motion for an extension of time to respond and obtained legal counsel to assist her. In consideration of such, EBRPSB's request that the Court dismiss Lazard's complaint on this basis is denied.

### B.     Timeliness of Lazard's Title I Complaint

In support of its motion, EBRPSB argues that Lazard's lawsuit was not timely filed because she failed to file her complaint within ninety days of June 8, 2012, the date she alleges she received her right-to-sue letter. In opposition to the instant motion, Lazard contends that she actually received her right-to-sue letter on June 10, 2012, not June 8, 2012 as she alleges in her complaint.[2] Therefore, her complaint was timely and should not be dismissed on this basis.

Rule 15 states that a party has twenty-one days after service of a motion under Rule 12(b) to amend the complaint without leave of court. However, after the twenty-one days, the party must request leave of court in order to amend his or her pleading. Fed.R.Civ.P. 15(a)(1)-(2).

Here, more than twenty-one days passed between the time EBRPSB filed the instant motion and the time Lazard filed her memorandum in opposition. Thus, Lazard must request leave of court to amend her complaint. Lazard requests leave of court to amend the complaint in her memorandum in opposition. However, pursuant to Rule

---

[2]In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must liberally construe a pro se plaintiff's allegations, and take all facts pleaded in the original complaint as true. See *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although Lazard now contends, after retaining legal counsel, that she received the right-to-sue letter on June 10, 2012, the Court gives overriding credence to the facts Lazard alleged in the complaint she drafted, as she is in the best position to know the date she received the letter.

7(b), "[a] request for a court order must be made by motion," including a motion requesting the court to grant a party leave of court. Fed.R.Civ.P. 7(b)(1). It is axiomatic that a memorandum in opposition does not equate to a motion for leave of court.

All counsel admitted to practice in this Court are expected to be familiar with the Federal Rules of Civil Procedure. *See Shaw v. Credit Collection Services*, No. 06-513-JVP-DLD, 2008 WL 294126, at *1, n.1 (M.D. La. July, 28, 2008) ("[T]he court strongly suggests that counsel . . . become familiar with the Federal Rules of Civil Procedure prior to filing . . . pleadings in a federal court."); *Henry v. U.S., I.R.S.*, No. Civ. A. 02-0968, 2004 WL 1597515, at *3 (E.D. La. July 15, 2004) ("[T]he Court instructs Plaintiff and his counsel that Plaintiff will be expected to strictly comply with the Federal Rules of Civil Procedure . . . ."). Here, Lazard failed to file a motion for leave to amend her complaint. Thus, her improper request for leave to amend is denied.

Because the Court denies Lazard's request for leave of court to amend her complaint and because Lazard's complaint was untimely, EBRPSB's request that Lazard's complaint be dismissed on this basis is granted.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that **Defendant's Motion to Dismiss (Doc. 8)** is **DENIED IN PART** and **GRANTED IN PART**.

Defendant's motion to dismiss Plaintiff's complaint be dismissed on the basis of insufficient service of process is **DENIED**. Defendant's motion to dismiss Plaintiff's complaint be dismissed on the basis of the untimeliness of her complaint is **GRANTED.**

7

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED**, with prejudice.

Baton Rouge, Louisiana, this 15th day of July, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**